IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FACULTY, ALUMNI, AND STUDENTS OPPOSED TO RACIAL PREFERENCES (FASORP),<br><br>                  Plaintiff,<br><br>   v.<br><br>NORTHWESTERN UNIVERSITY; HARI OSOFSKY, in her official capacity as dean of Northwestern University School of Law; SARAH LAWSKY, JANICE NADLER, AND DANIEL RODRIGUEZ, in their official capacities as professors of law at Northwestern University; DHEVEN UNNI, in his official capacity as editor in chief of the Northwestern University Law Review; JAZMYNE DENMAN, in her official capacity as senior equity and inclusion editor of the Northwestern University Law Review,<br><br>                  Defendants. | Case No. 25-cv-1129<br><br>District Judge Sara L. Ellis |

**DEFENDANTS' RULE 41(d) MOTION
FOR AN AWARD OF FEES AND COSTS IN CASE NO. 24-cv-5558
AND A STAY OF THIS SUIT PENDING PAYMENT THEREOF**

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ..................................................................................................................1

ARGUMENT ........................................................................................................................3

I.    Defendants Are Entitled To Payment Of Costs, Including Reasonable Attorneys' Fees ...........................................................................................................3

    A.    This Court Should Exercise Its Inherent Discretion To Award All Fees And Costs For The 2024 Case ..................................................................5

    B.    At A Minimum, This Court Should Award Defendants The Costs And Fees They Expended In Opposing The Rule 15(a)(2) Motion, Moving To Dismiss The Claims That FASORP Itself Conceded Were Groundless, And Bringing This Motion ...........................................................................8

        1.    This Court Should Exercise Its Inherent Discretion To Grant Costs And Fees For The Motion To Amend Briefing And This Briefing .............8

        2.    Section 1988 Permits Recovery Of Fees Associated With Briefing The Title IX Faculty-Hiring Claims And Claims Against The Individual Defendants ..........................................................................9

        3.    This Court Should Exercise Its Inherent Discretion To Award Costs And Fees Associated With This Motion ..........................................11

II.    The Court Should Stay The 2025 Case Until FASORP Pays Defendants The Costs And Fees They Incurred .........................................................................................11

CONCLUSION ...................................................................................................................12

# **TABLE OF AUTHORITIES**

**Page(s)**

### **CASES**

*C.S. v. Couch*,
 843 F. Supp. 2d 894 (N.D. Ind. 2011) ...................................................................................10

*Chapman v. Vill. of Matteson*,
 165 F.3d 31 (7th Cir. 1998) .....................................................................................................9

*Chertoff Cap., LLC v. Syversen*,
 468 F. Supp. 3d 713 (E.D. Va. 2020) ......................................................................................5

*Embrey v. St. Charles Trading, Inc.*,
 2024 WL 916235 (N.D. Ill. Mar. 4, 2024)....................................................................3, 4, 11

*Espenscheid v. DirectSat USA, LLC*,
 708 F. Supp. 2d 781 (W.D. Wis. 2010) ...................................................................................4

*Esposito v. Piatrowski*,
 223 F.3d 497 (7th Cir. 2000) ......................................................................................2, 3, 4, 11

*Gay v. Chandra*,
 682 F.3d 590 (7th Cir. 2012) .................................................................................................11

*Gholson v. Lewis*,
 2007 WL 9817930 (N.D. Ill. Oct. 26, 2007)...........................................................................3

*Khan v. Gallitano*,
 180 F.3d 829 (7th Cir. 1999) ...................................................................................................9

*MSP Recovery Claims, Series 44, LLC v. Zurich Am. Ins. Co.*,
 2023 WL 8851153 (N.D. Ill. Aug. 15, 2023), *on reconsideration*, 2024 WL
 1514133 (N.D. Ill. Mar. 25, 2024)..........................................................................................3

*New La. Holdings, LLC v. Arrowsmith*,
 2012 WL 6061710 (N.D. Ill. Dec. 4, 2012) ................................................................... *passim*

*Roger Whitmore's Auto. Servs., Inc. v. Lake Cnty.*,
 424 F.3d 659 (7th Cir. 2005) .................................................................................................10

*Rogers v. Wal–Mart Stores, Inc.*,
 230 F.3d 868 (6th Cir. 2000) ...................................................................................................5

*Siepel v. Bank of Am., N.A.*,
 239 F.R.D. 558 (E.D. Mo. 2006) ............................................................................................5

*Smith v. Metro. Sch. Dist. Perry Twp.*,
 128 F.3d 1014 (7th Cir. 1997) ..................................................................................................9

*Tsukerman v. W. Cmty. Unit Sch. Dist. No. 12*,
 796 F. App'x 312 (7th Cir. 2020) ........................................................................................2, 11

**STATUTES**

42 U.S.C. § 1988(b) ........................................................................................................................8

**RULES**

Rule 41(d) .................................................................................................................................2, 3

Pursuant to Federal Rule of Civil Procedure 41(d), Defendants respectfully move for an award of costs, including attorneys' fees, incurred in Case No. 24-cv-5558 (the "2024 case") and a stay of this suit (the "2025 case") pending Plaintiff's payment thereof. I certify that Defendants' counsel Jude Volek conferred by videoconference with Jonathan F. Mitchell, counsel for Plaintiff, on March 24, 2025 at 2:00 PM CDT. Mr. Mitchell offered to pay the court costs incurred by the defendants in No. 24-05558 in an effort to obviate the need for this motion, but the parties could not reach agreement on the inclusion of fees as part of costs.

## INTRODUCTION

Late in the evening of Friday, January 31, Plaintiff Faculty, Alumni, and Students Opposed to Racial Preferences ("FASORP") voluntarily dismissed the 2024 case only to refile a nearly identical complaint minutes later in the 2025 case. Although FASORP offered no explanation for its decision, the procedural gymnastics came just two business days before what was sure to be for its lead counsel an uncomfortable hearing on its long-delayed Rule 15(a)(2) motion in the 2024 case and a possible adverse ruling.

On account of FASORP's gamesmanship, Defendants must start all over again. During the course of the 2024 case, Defendants briefed two Rule 12(b) motions and opposed FASORP's Rule 15(a)(2) motion to add a Title VII claim. Defendants' second Rule 12(b) motion and FASORP's Rule 15(a)(2) motion were fully briefed and ready for ruling, only to have FASORP short-circuit that process and bring this Court and Defendants back to square one by filing the 2025 case. Making matters worse, FASORP reinstated, without explanation, the Title IX faculty-hiring claim

1

and the gratuitous claims against the individual defendants that it expressly relinquished in the 2024 case. *See* 2024 Case, Dkt. 42 at 19 n.29, 33.[1]

Rule 41(d) is designed to discourage and, if they occur, address such manipulative tactics, which invariably result in needless expenditures of resources by defendants and courts. Under that Rule, this Court may and should require FASORP to pay the unnecessary costs, including fees, that Defendants incurred in the 2024 case before permitting it to proceed with the 2025 case. The award should consist of all reasonable costs and fees Defendants incurred in the 2024 case. Alternatively, the award should consist of the costs and fees Defendants incurred in (a) researching and drafting their opposition to FASORP's Rule 15(a)(2) motion and preparing for the scheduled hearing on that motion; and (2) researching and drafting their motions to dismiss FASORP's Title IX faculty-hiring claims and claims against the individual defendants, which FASORP conceded were meritless but nevertheless brought in both complaints in the 2024 case (and now has reprised in the 2025 case). Defendants also seek the costs and fees associated with bringing this Rule 41(d) motion. This Court should further stay the proceedings until FASORP pays those costs and fees.

From the start, FASORP has used this litigation as a vehicle to malign five Black professors at Northwestern as unworthy of their appointments to the law faculty, and to baselessly target individual defendants—not only the dean and faculty members, but also two *students*—that they already conceded should not be named individually. FASORP's continued gamesmanship to pursue that effort should not continue unless and until it reimburses Defendants for their costs and fees—which are but a fraction of the toll that this unwarranted litigation has imposed.

---

[1] Citations to the 2024 case are "2024 Case, Dkt. __," while citations to the 2025 case are "Dkt. __."

2

## ARGUMENT

Rule 41(d) provides:

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:
> (1) may order the plaintiff to pay all or part of the costs of that previous action; and
> (2) may stay the proceedings until the plaintiff has complied.

Fed. R. Civ. P. 41(d). The purpose of Rule 41(d) is "to deter forum shopping and vexatious litigation." *Esposito v. Piatrowski*, 223 F.3d 497, 501 (7th Cir. 2000) (citation omitted). The Rule allows the court to award fees and costs "to compensate for the unnecessary expenses incurred by the [prior] litigation" if the plaintiff voluntarily dismisses that litigation and then refiles. *New La. Holdings, LLC v. Arrowsmith*, 2012 WL 6061710, at *11 (N.D. Ill. Dec. 4, 2012) (citation omitted). District courts have broad latitude in awarding costs under Rule 41(d), with rulings reviewed for abuse of discretion. *See Tsukerman v. W. Cmty. Unit Sch. Dist. No. 12*, 796 F. App'x 312, 312-313 (7th Cir. 2020). For the reasons set forth below, this Court should order FASORP to pay the costs and fees that Defendants incurred in defending the 2024 case, as well as the fees associated with bringing this motion.

**I.  DEFENDANTS ARE ENTITLED TO THE PAYMENT OF COSTS, INCLUDING REASONABLE ATTORNEYS' FEES, BEFORE FASORP IS PERMITTED TO PROCEED WITH THE 2025 CASE**

Rule 41(d) indisputably applies here. The 2025 case is "based on or includ[es] the same claim[s] against the same defendant[s]" as the 2024 case. Fed. R. Civ. P. 41(d). The parties in each case are identical. And the complaint in the 2025 case is "lifted almost verbatim" from the operative complaint in the 2024 case, with the new Title VII claim mirroring the Title VII claim that FASORP tried to add via Rule 15(a)(2) to the 2024 case. *Gholson v. Lewis*, 2007 WL 9817930, at *2 (N.D. Ill. Oct. 26, 2007) (concluding that Rule 41(d) applied and awarding costs).

3

This Court should exercise its discretion under Rule 41(d) to award Defendants their fees and costs. "The basic idea [of Rule 41(d)] is that a plaintiff cannot sue a defendant, drop the case voluntarily, and then sue the same defendant on the same claim … unless that plaintiff pays the bill." *MSP Recovery Claims, Series 44, LLC v. Zurich Am. Ins. Co.*, 2023 WL 8851153, at *7 (N.D. Ill. Aug. 15, 2023), *on reconsideration*, 2024 WL 1514133 (N.D. Ill. Mar. 25, 2024). Simply put, "[a] plaintiff gets only one bite at the apple before the Federal Rules permit a district court to charge for more bobbing." *Id.* at *8. "More bobbing" precisely describes FASORP's conduct here.

Although Rule 41(d) refers to "costs," precedent holds that "costs" may include attorney fees under certain circumstances. As the Seventh Circuit explained, "a party may recover reasonable attorneys' fees as part of its 'costs' under Rule 41(d)" where (1) the district court "specifically order[s]" the recovery of fees under its inherent discretion to deter bad-faith or vexatious litigation or (2) "the substantive statute which formed the basis of the original suit allows for the recovery of such fees as costs." *Esposito*, 223 F.3d at 501; *see also Arrowsmith*, 2012 WL 6061710, at *10. Both grounds for awarding fees as part of costs are met here.

*First*, this Court should exercise its discretion to award Defendants all the fees and costs they expended as a means of "deter[ring] … vexatious litigation," including maneuvers like FASORP's that seek to avoid potential adverse rulings and unnecessarily impose significant costs on adverse parties. *Esposito*, 223 F.3d at 501; *see also Embrey v. St. Charles Trading, Inc.*, 2024 WL 916235, at *4 (N.D. Ill. Mar. 4, 2024). *Second*, in the alternative and at a minimum, this Court should award Defendants the fees and costs they expended for: (a) briefing and preparing to argue the Rule 15(a)(2) motion in the 2024 case, ultimately a wasted effort due to FASORP's pulling the plug on that motion and filing the 2025 case; and (b) briefing the Rule 12(b) motions to dismiss the Title IX faculty-hiring claim and claims against the individual defendants, which (after two

4

motions to dismiss) FASORP finally conceded were meritless. This Court should in either event award Defendants the fees and costs expended in bringing this Rule 41(d) motion.

        **A.    This Court Should Exercise Its Inherent Discretion To Award Defendants All Fees And Costs They Incurred In The 2024 Case**

As noted, attorney fees are recoverable under Rule 41(d) when "'specifically ordered by the court'" under its "long-standing," "inherent power" to deter bad-faith or vexatious litigation. *Arrowsmith*, 2012 WL 6061710, at \*10 (quoting *Esposito*, 223 F.3d at 501). This Court should exercise that authority to award Defendants all the fees—along with all costs— they incurred in the 2024 case.

As relevant here, Rule 41(d) fee awards are warranted when the plaintiff dismisses a lawsuit, only to refile it, in an effort to gain a tactical advantage or avoid adverse rulings. As Judge Gettleman explained, awarding fees is appropriate when the "plaintiff needlessly prolonged (and consequently, increased the cost of) the [prior] litigation, only to dismiss the case when it became clear that the … judge would likely issue additional adverse rulings against [the plaintiff]." *Embrey*, 2024 WL 916235, at \*4; *see also id.* (fees are appropriate when "there is evidence that plaintiff has filed th[e] [second] lawsuit in bad faith, 'for the primary purpose of avoiding compliance with adverse rulings, and potential further adverse rulings'"). Judge Crabb likewise held that fees are appropriate when the plaintiff "attempt[ed] to gain a tactical advantage by dismissing and refiling suit." *Espenscheid v. DirectSat USA, LLC*, 708 F. Supp. 2d 781, 796 (W.D. Wis. 2010).

Numerous out-of-circuit cases are in accord. The Sixth Circuit described Rule 41(d) as "intended to prevent attempts to gain any tactical advantage by dismissing and refiling the suit." *Rogers v. Wal–Mart Stores, Inc.,* 230 F.3d 868, 874 (6th Cir. 2000) (citations and internal quotations omitted). And other district courts have imposed costs and fees on plaintiffs for

5

voluntarily dismissing and then refiling cases to avoid deadlines, unfavorable rulings, or even the *potential* for unfavorable rulings. *See, e.g.*, *Siepel v. Bank of Am., N.A.,* 239 F.R.D. 558, 564 (E.D. Mo. 2006) (plaintiffs voluntarily dismissed cases to avoid court-imposed deadlines and unfavorable rulings); *Chertoff Cap., LLC v. Syversen*, 468 F. Supp. 3d 713, 718 (E.D. Va. 2020) ("Specifically, plaintiff dismissed the Prior Case and refiled the instant, virtually identical, suit in order to avoid a *potentially* adverse ruling adopting the recommendations in the Magistrate Judge's Report in the Prior Case. In such circumstances, Rule 41(d) provides that a court may, within its discretion, order the plaintiff to pay all or part of the costs of that previous action and stay the proceedings until the plaintiff has complied.") (emphasis added) (citations omitted).

These are precisely the circumstances presented here. The context of FASORP's decision to dismiss the 2024 case and refile the 2025 case is critical. FASORP's dismissal came *after*: it moved under Rule 15(a)(2) to add a Title VII claim; the motion was fully briefed; the Court held a status hearing at which it questioned with great skepticism FASORP's delay in seeking leave to add the Title VII claim; and the Court had set a hearing to address the motion. Moreover, FASORP's dismissal came only two business days *before* the Court was set to hold that hearing. And tellingly, only three days before the dismissal, FASORP's lead counsel emailed the Courtroom Deputy to confirm that the Court would in fact proceed with the hearing. When the Courtroom Deputy confirmed the hearing would go forward, FASORP elected to dismiss the case—apparently deciding that it no longer wished to participate in the hearing. *See* Email from Rhonda Johnson, Courtroom Deputy, to Jonathan Mitchell, Att'y for Pl. (Jan. 28, 2025, 3:28 PM CST) (Ex. 1 hereto).

In so doing, FASORP granted itself two substantial breaks. The first was to avoid a most uncomfortable hearing for its lead counsel, whose unjustifiable delays in submitting an EEOC

charge and seeking to add a Title VII claim were bound to be front-and-center. 2024 Case, Dkt. 47 at 2-5 (describing FASORP's unjustified delay in seeking to add a Title VII claim); 2024 Case, Dkt. 49-1 at ¶¶ 7-12, 20-21 (FASORP's lead counsel describing how he was unable to electronically file an EEOC charge on the agency's website, even though thousands of laypersons manage to do so every year; failing to explain why he did not seek assistance from the EEOC or his colleagues when he realized he could not navigate the website; explaining that he did not think it was necessary to file the EEOC charge by mail, phone, or in person; and asserting that he waited from late September to mid-December to try again because he "did not . . . regard this as a matter of extreme urgency"). The second was to avoid the possibility of an unfavorable ruling on the Rule 15(a)(2) motion—for at that point, FASORP did not know how the Court would rule. FASORP's decision to jettison its Rule 15(a)(2) motion and add its Title VII claim via a dismissal-and-refiling maneuver is precisely the sort of vexatious effort to gain a tactical advantage that Rule 41(d) is designed to prevent. That maneuver, in addition to wasting the Court's time in reviewing the motion papers and conducting a status hearing, resulted in an unnecessary expenditure of Defendants' resources in opposing the motion and preparing for argument.

      As a result of FASORP's tactics, Defendants will be forced to brief a *third* motion to dismiss, including on the new Title VII claim that FASORP unduly delayed in bringing. Further, if FASORP once again amends—as may be its right under Rule 15(a)(1)—Defendants may have to brief a *fourth* motion to dismiss. All the while, FASORP will have received many more bites at the apple than it would have if the 2024 case had proceeded on course—exactly the kind of tactical maneuvering that Rule 41(d) is meant to address. This Court should therefore order FASORP to pay Defendants' fees and costs for the 2024 case before allowing the 2025 case to go forward.

In response, FASORP may argue that because some of Defendants' motion to dismiss briefing from the 2024 case will remain useful in this case, the Court should not award fees for that briefing. And in so arguing, FASORP may cite *Arrowsmith* for the proposition that, "[g]enerally, courts should not impose any costs [under Rule 41(d)] associated with work that will still be useful to the defendants in the instant litigation." 2012 WL 6061710 at *11 (quotation marks omitted). But that general rule does not fit the circumstances of this case, as a modest fee award would not match the vexatiousness of FASORP's manipulative conduct and will do little to deter FASORP from repeating such behavior in the future. Far more than a modest fee award is warranted and within the Court's discretion here, and the Court should award Defendants' full costs and fees associated with the 2024 case.

**B.     At A Minimum, This Court Should Award Defendants The Costs And Fees They Expended In Opposing FASORP's Rule 15(a)(2) Motion, Moving To Dismiss The Claims That FASORP Conceded Were Groundless, And Bringing This Motion**

At a minimum, this Court should award Defendants the costs and fees they incurred in (1) opposing the Rule 15(a)(2) motion that FASORP brought and then abandoned in the 2024 case; (2) briefing on moving to dismiss the Title IX faculty-hiring claims and gratuitous claims against the individual defendants in the 2024 case, which FASORP conceded were groundless; and (3) pursuing this Rule 41(d) motion, which was made necessary by FASORP's tactics.

**1.     This Court Should Exercise Its Inherent Discretion To Grant Costs And Fees For The Motion To Amend Briefing And This Briefing**

Defendants incurred significant fees and costs responding to FASORP's Rule 15(a)(2) motion to add a Title VII claim—only for it to cut that process short by dismissing the 2024 case and restarting with a fresh complaint in the 2025 case. Defendants were forced to incur further fees and costs preparing for the hearing that the Court had scheduled—which was entirely avoidable had FASORP's lead counsel not waited until the eleventh hour to pull the rug out from under the

8

Court with a voluntary dismissal. Indeed, a week before the hearing, counsel emailed the Courtroom Deputy to confirm that the hearing would go forward as scheduled "so that [counsel] [could] plan [his] travel accordingly." Ex. 1. The Courtroom Deputy confirmed that the hearing would go forward, leading Defendants to continue preparing for the hearing. Three days later, late on Friday night, FASORP voluntarily dismissed the 2024 case. *See* 2024 Case, Dkt. 52. At no point prior to that time did FASORP's counsel inform Defendants that it intended to dismiss the case. As a result, Defendants were forced to waste time and money on a motion that FASORP's counsel inexplicably delayed in bringing and then jettisoned when the kitchen proved too hot.

**2. Section 1988 Permits Recovery Of Fees Associated With Briefing The Title IX Faculty-Hiring Claims And Claims Against The Individual Defendants**

This Court also should invoke 42 U.S.C. § 1988—the substantive statute governing the availability of fees for FASORP's Section 1981, Title VI, and Title IX claims—to award Defendants the costs and fees they incurred moving to dismiss FASORP's Title IX faculty-hiring claims and claims against the individual defendants. *See* 42 U.S.C. § 1988(b) ("In any action or proceeding to enforce a provision of section[] 1981 … of this title, title IX of Public Law 92-318, [or] title VI of the Civil Rights Act of 1964, [] the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."). "[P]revailing defendants" may receive attorneys' fees under Section 1988 "if the plaintiff's claim was 'frivolous, unreasonable, or groundless.'" *Khan v. Gallitano*, 180 F.3d 829, 837 (7th Cir. 1999). That said, "[t]he defendant need not show that the plaintiff acted in either subjective or objective bad faith in order to recover attorney's fees" under Section 1988. *Chapman v. Vill. of Matteson*, 165 F.3d 31 (7th Cir. 1998) (citation omitted). Here, FASORP's Title IX faculty-hiring claim and its claims against the individual defendants were, at a minimum, unreasonable and groundless.

9

As for the Title IX faculty-hiring claim, FASORP itself conceded—only after Defendants' second motion to dismiss in the 2024 case—that Seventh Circuit precedent barred that claim. *See* 2024 Case, Dkt. 42 at 29-30 ("FASORP [] agrees with the defendants that its faculty-hiring claims cannot proceed under Title IX at this time given the holding in *Waid* [*v. Merrill Area Public Schools*, 91 F.3d 857, 861-63 (7th Cir. 1996)]."). For that reason, FASORP explained that "[t]he Court should dismiss … the Title IX claims that allege sex discrimination in faculty hiring." 2024 Case, Dkt. 42 at 33. And yet, FASORP not only brought that claim in the first place, it reprised that claim in its amended complaint *after* Defendants pointed out in their first motion to dismiss that the claim was groundless. *See* 2024 Case, Dkt. 19 at 26-28; 2024 Case, Dkt. 25 ¶¶ 11-49, 140. And confirming that it has no qualms bringing a claim that it knows and *admitted* is groundless, FASORP even included it *again* in its complaint in the 2025 case. *See* Dkt. 1 ¶¶ 145-150.

As for its claims against the individual defendants, FASORP *finally* conceded after Defendants' second motion to dismiss that they were redundant of its claims against Northwestern University and likewise should be dismissed. 2024 Case, Dkt. 42 at 19 n.29, 33 ("The Court should dismiss the claims brought against the individual defendants …."). Indeed, as Defendants explained in their second motion to dismiss, *see* 2024 Case, Dkt. 33 at 20-21, those claims were not only redundant, but also barred by binding precedent holding that Titles VI and IX "only protect[] against discrimination" by federally-funded entities, not individuals. *Smith v. Metro. Sch. Dist. Perry Twp.*, 128 F.3d 1014, 1019 (7th Cir. 1997); *see also C.S. v. Couch*, 843 F. Supp. 2d 894, 905 n.14 (N.D. Ind. 2011). Nevertheless, as with the Title IX faculty-hiring claim, FASORP brought claims against the individual defendants in the original complaint, in the amended complaint even after Defendants moved to dismiss them on the grounds FASORP ultimately conceded were correct, and yet again in its complaint in this 2025 action. By its own account,

10

FASORP's claims against the individual defendants lack legal merit. That FASORP has persisted in pursuing those claims underscores the vexatious nature of its conduct and has imposed significant and unjustifiable harm on the individual defendants, including on two students who are approaching graduation.

Because both sets of claims were groundless, Section 1988 permits this Court to award Defendants the fees they spent seeking their dismissal. The Seventh Circuit has affirmed a similar fee award where, "under clearly established law," the defendant "was not a proper party defendant." *Roger Whitmore's Auto. Servs., Inc. v. Lake Cnty.*, 424 F.3d 659, 676 (7th Cir. 2005) (award under 42 U.S.C. § 1988). As in *Roger Whitmore's*, this Court should award fees because, "under clearly established law," FASORP's Title IX faculty-hiring claims and claims against the individual defendants should never have been brought.

### C. This Court Should Exercise Its Inherent Discretion To Award Costs And Fees Incurred By Defendants In Bringing This Motion

Finally, this Court should award Defendants the costs and attorney fees Defendants have and will continue to incur in bringing this motion. After all, "had [FASORP] not chosen to re-file this action, [Defendants] would not have had to expend time drafting the Costs Motion." *Arrowsmith*, 2012 WL 6061710, at *13. Thus, this Court should award "fees for the time spent in preparing, researching, drafting, and filing the Costs Motion." *Id.* An award of such fees would "help further the purpose of Rule 41(d), which is, in part, to prevent vexatious litigation." *Id.*

## II. THE COURT SHOULD STAY THE 2025 CASE UNTIL FASORP PAYS THE FEE AND COST AWARD ORDERED BY THE COURT

This case should be stayed until FASORP pays Defendants the fees and costs awarded by the Court. As noted, Rule 41(d) operates as a toll where, as here, a plaintiff's decision to voluntarily dismiss and refile the case caused a defendant to needlessly expend additional resources in the earlier case. *See* Fed. R. Civ. P. 41(d)(2) (the court "may stay the proceedings until the plaintiff

11

has complied" with a cost award). Any protest by FASORP that it cannot pay such fees is not an excuse. As the Seventh Circuit explained, "courts can bar future suits as a sanction to … pay past court costs … even if the litigant is indigent." *Tsukerman*, 796 F. App'x at 313 (quoting *Gay v. Chandra*, 682 F.3d 590, 594 (7th Cir. 2012)); *see also id.* ("[A] plaintiff's 'inability to pay … does not allow him to side-step the dictates of Rule 41.'") (quoting *Esposito*, 223 F.3d at 502). Accordingly, this Court should stay the 2025 case unless and until FASORP pays the award entered by this Court.

## CONCLUSION

The Court should award Defendants all reasonable costs and attorney fees associated with defending against the 2024 case. In the alternative, the Court should award the costs and fees incurred by Defendants in (1) briefing the Rule 15(a)(2) motion and preparing for the related hearing; and (2) briefing the motions to dismiss the Title IX faculty-hiring claims and claims against the individual defendants. The Court should also award costs and fees incurred by Defendants in bringing this motion. Finally, the Court should stay the 2025 case until FASORP pays Defendants the costs and fees ordered by the Court. At the Court's direction, Defendants will file a fee and costs petition with supporting evidence. *See Embrey*, 2024 WL 916235, at *5 (endorsing this approach).

Dated: March 25, 2025            Respectfully submitted,

By: *Danielle Conley*

Danielle Conley (*admitted pro hac vice*)
Jude Volek (*admitted pro hac vice*)
Christine C. Smith (*admitted pro hac vice*)
Jasmine D. Benjamin (*admitted pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: 202.634.1068
danielle.conley@lw.com
jude.volek@lw.com
christine.smith@lw.com
jasmine.benjamin@lw.com

Sean Berkowitz (IL 6209701)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: 312.876.7700
sean.berkowitz@lw.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

    I hereby certify that on March 25, 2025, I filed the foregoing with the clerk of the court by using the CM/ECF system and sent via electronic transmission to all parties of record.

s/ *Danielle Conley*

Danielle Conley (*admitted pro hac vice*)