UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FACULTY, ALUMNI, AND STUDENTS OPPOSED TO RACIAL PREFERENCES (FASORP),<br><br>Plaintiff,<br><br>v.<br><br>NORTHWESTERN UNIVERSITY; HARI OSOFSKY, in her official capacity as dean of Northwestern University School of Law; SARAH LAWSKY, JANICE NADLER, and DANIEL RODRIGUEZ, in their official Capacities as professors of law at Northwestern University; DHEVEN UNNI, in his official Capacity as editor in chief of the Northwestern University Law Review; JAZMYNE DENMAN, in her official capacity as senior equity and inclusion editor of the Northwestern University Law Review,<br><br>Defendants. | No. 25 C 1129<br><br>Judge Sara L. Ellis |

## ORDER

The Court grants in part and denies in part Defendants' Rule 41(d) motion for an award of fees and costs in Case No. 24-cv-5558 and a stay of this suit pending payment thereof [17]. The Court awards Defendants the court costs they incurred in Case No. 24-cv-5558 and reasonable attorneys' fees incurred in connection with the filing of this Rule 41(d) motion. The Court orders the parties to confer on the amount of the allowable costs and attorneys' fees, and to come to an agreement if possible. If the parties cannot agree on the amount Plaintiff shall pay to Defendants, the parties should file a joint statement setting forth their positions, accompanied by supporting documentation, by August 22, 2025. The Court sets a further status hearing for September 10, 2025 at 9:30 AM. See Statement.

## STATEMENT

In July 2024, Plaintiff Faculty, Alumni, and Students Opposed to Racial Preferences (FASORP) filed suit against Defendants Northwestern University ("Northwestern"); Hari Osofsky, in her official capacity as dean of Northwestern's Law School; Sarah Lawsky, Janice Nadler, and Daniel Rodriguez, in their official capacities as Northwestern Law professors; Dheven Unni, in his official capacity as editor in chief of the Northwestern Law Review; and

Jazmyne Denman, in her official capacity as senior equity and inclusion editor of the Northwestern Law Review. No. 24-cv-5558 (N.D. Ill.) (the "2024 case"). In the 2024 case, FASORP claimed that Defendants discriminate against white men in faculty hiring and the selection of members and editors of, and articles that appear in, the Northwestern Law Review. Defendants moved to dismiss FASORP's claims, with FASORP filing an amended complaint in response. Defendants again moved to dismiss, and FASORP filed a response. On December 26, 2024, FASORP filed a notice that it intended to seek leave to amend its complaint to add a Title VII claim against Northwestern after having received a right to sue letter. FASORP thereafter filed a motion for leave to file a second amended complaint, which Defendants opposed. The Court indicated it would hold an in-person hearing on February 5, 2025, for ruling on the motion. It further stated that it would inform the parties before February 5 if it would rule without need for a hearing. But before that hearing could take place, on January 31, 2025, FASORP dismissed the 2024 case without prejudice and filed this case (the "2025 case") against Defendants. In the 2025 case, FASORP reasserted the claims from the 2024 case and also added a Title VII claim against Northwestern. Given FASORP's indication on the civil cover sheet that the 2025 case was a refiling of a previously dismissed case, the 2025 case was directly assigned to this Court. In the 2025 case, the parties are again briefing a motion to dismiss.

Defendants now ask the Court to award them the attorneys' fees and costs they incurred in the 2024 case pursuant to Federal Rule of Civil Procedure 41(d).[1] Rule 41(d) provides that "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court . . . may order the plaintiff to pay all or part of the costs of that previous action." Fed. R. Civ. P. 41(d). While Rule 41(d) explicitly allows for the recovery of costs, the Seventh Circuit has also allowed a defendant to recover attorneys' fees where "the substantive statute which formed the basis of the original suit allows for the recovery of such fees as costs (or . . . such fees are specifically ordered by the court)." *Esposito v. Piatrowski*, 223 F.3d 497, 501 (7th Cir. 2000). In other words, the Court may award attorneys' fees in connection with Rule 41(d) if the underlying statute allows or if the Court finds that FASORP "acted in bad faith or inflicted unnecessary costs on the court or the defendants." *New La. Holdings, LLC v. Arrowsmith*, No. 11 C 5031, 2012 WL 6061710, at *10 (N.D. Ill. Dec. 4, 2012); *see also Sanderson v. Spectrum Labs, Inc.*, 248 F.3d 1159 (Table), 2000 WL 1909678, at *5–6 (7th Cir. 2000) (court may award attorneys' fees where the opposing party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons" (citation omitted)). 42 U.S.C. § 1988 allows a prevailing defendant to recover attorneys' fees for § 1981, Title VI, and Title IX claims if the plaintiff's claims were "frivolous, unreasonable, or groundless." *Khan v. Gallitano*, 180 F.3d 829, 837 (7th Cir. 1999) (citation omitted).

FASORP has agreed to pay the court costs that Defendants incurred in the 2024 case, but it disputes that Defendants can recover their attorneys' fees.[2] FASORP contends that its decision

---

[1] Defendants also asked the Court to stay the 2025 case pending FASORP's payment of the awarded fees and costs, but given FASORP's representation that it would promptly pay all ordered fees and costs, Defendants indicate in their reply brief that they no longer request such relief.

[2] FASORP notes that its counsel offered to pay the costs and fees that Defendants reasonably incurred on account of FASORP's decision to dismiss the 2024 case and refile the claims in the 2025 case if they exceed a reasonable estimate of fees and travel costs that FASORP saved Defendants by obviating the

to dismiss the 2024 case and refile its claims in the 2025 case was not frivolous, unreasonable, or done in bad faith. The Court is not convinced. As the Court previously expressed, it does not fully comprehend FASORP's litigation tactics, particularly given that the Court planned to allow FASORP leave to amend in the 2024 case to add the Title VII claim. In other words, although FASORP denies that it undertook the procedural maneuver of dismissal and refiling to avoid an adverse ruling, had that been FASORP's motivation, the actions that prompted this Rule 41(d) motion would have been for naught. But FASORP represents that they were not because, by dismissing and refiling, it avoided an in-person hearing, which saved all parties time and money, and also served FASORP's counsel's personal interests. While the Court does not know the monetary costs the parties would have incurred in connection with the February 5, 2025 scheduled in-person hearing in the 2024 case, the Court agrees with Defendants that in seeking to avoid that hearing, FASORP's unilateral action needlessly delayed the case and inflicted additional costs on Defendants. *See Mach v. Will Cnty. Sheriff*, 580 F.3d 495, 501 (7th Cir. 2009) (bad faith includes "harassment, unnecessary delay, needless increase in the cost of litigation, willful disobedience, and recklessly making a frivolous claim" and can "be found, not only in the actions that led to the lawsuit, but also in the conduct of the litigation" (citations omitted)). Therefore, the Court finds it appropriate to award Defendants attorneys' fees pursuant to Rule 41(d).[3]

That said, the Court does not agree with Defendants that FASORP's actions warrant an award of all of the attorneys' fees that Defendants incurred in the 2024 case. Courts typically do not allow a defendant to recover fees under Rule 41(d) for work that continues to be useful in the present litigation. *Arrowsmith*, 2012 WL 6061710, at *11. This exception likely covers the majority of the attorneys' fees Defendants incurred in the 2024 case, given that the Court had not made any substantive determinations at the time that FASORP dismissed and refiled its claims, meaning that Defendants could reuse their work from the 2024 case in the 2025 case. The Court also does not find it appropriate to award Defendants the costs associated with opposing FASORP's motion for leave to file an amended complaint in the 2024 case, given that, had the 2024 case continued, the Court intended to grant the motion and have the parties provide supplemental briefing on the Title VII claim. While Defendants complain about the fees that they incurred in preparing for the in-person hearing on the motion to amend that never occurred, the Court does not find that FASORP's actions inflicted these additional costs on Defendants. Defendants would have incurred these costs and more had the in-person hearing taken place and the end result would have been the same, with FASORP alleging a Title VII claim and the parties

---

need for the February 5, 2025 in-person hearing. Defendants did not provide FASORP's counsel with that documentation, choosing instead to pursue their request for all attorneys' fees they incurred in the 2024 case.

[3] In addition to arguing that the Court's inherent power to deter bad faith litigation supports an award of attorneys' fees under Rule 41(d), Defendants contend that the Court should also allow them to recover their fees associated with the motion to dismiss briefing concerning the Title IX faculty hiring claims and the claims against the individual defendants under § 1988. Defendants argue that despite agreeing to the dismissal of these claims in the briefing on the motion to dismiss in the 2024 case, FASORP reasserted them in the 2025 case. The Court does not find it appropriate to opine on the relative merit of FASORP's decision to reassert these claims in the 2025 case at this time and leaves such a determination for a later date if Defendants prevail, when the Court can consider whether FASORP did not have a basis to reassert these claims in the 2025 case so as to preserve its arguments for appeal.

briefing whether or not that claim can continue past the pleading stage. Further, at least some of Defendants' arguments against amendment also pertained to the futility of the Title VII claim, meaning the fees Defendants incurred in opposing amendment did not go to waste. *Cf. Embrey v. St. Charles Trading, Inc.*, No. 23 CV 15232, 2024 WL 916235, at *2 (N.D. Ill. Mar. 4, 2024) ("Courts can order attorneys' fees under Rule 41(d) to 'compensate for the unnecessary expenses incurred by the litigation,' meaning that when plaintiffs refile a case after voluntary dismissal, courts should not impose costs associated with 'work that will still be useful to the defendants in the instant case.'" (quoting *Arrowsmith*, 2012 WL 6061710, at *11)). That said, the Court does find it appropriate to require FASORP to pay Defendants the fees they have incurred in bringing this Rule 41(d) motion. FASORP's procedural maneuver delayed the case and has caused not only the parties but also the Court to devote additional time to resolution of the Rule 41(d) issue instead of focusing on the merits of the claims. Therefore, the Court orders FASORP to pay Defendants' attorneys' fees connected to this motion. *See Arrowsmith*, 2012 WL 6061710, at *13 ("Had Plaintiffs originally filed this action in this District, or had Plaintiffs not chosen to re-file this action, Arrowsmith would not have had to expend time drafting the Costs Motion.").

      In summary, the Court requires FASORP to pay to Defendants the court costs Defendants incurred in the 2024 case and the reasonable attorneys' fees Defendants incurred in connection with the filing of this Rule 41(d) motion. The Court orders the parties to confer on the amount of the allowable costs and attorneys' fees and come to an agreement if possible. If the parties cannot agree on the amount FASORP shall pay to Defendants, the parties should file a joint statement setting forth their positions, accompanied by supporting documentation, by August 22, 2025.

Date: May 28, 2025                                                                                                 /s/ Sara L. Ellis