IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FACULTY, ALUMNI, AND STUDENTS OPPOSED TO RACIAL PREFERENCES (FASORP),<br><br>                    Plaintiff,<br><br>   v.<br><br>NORTHWESTERN UNIVERSITY; HARI OSOFSKY, in her official capacity as dean of Northwestern University School of Law; SARAH LAWSKY, JANICE NADLER, AND DANIEL RODRIGUEZ, in their official capacities as professors of law at Northwestern University; DHEVEN UNNI, in his official capacity as editor in chief of the Northwestern University Law Review; JAZMYNE DENMAN, in her official capacity as senior equity and inclusion editor of the Northwestern University Law Review,<br><br>                    Defendants. | Case No. 25-cv-1129<br><br>District Judge Sara L. Ellis |

**JOINT STATEMENT OF POSITIONS
ON RULE 41(D) FEES AND COSTS AWARD**

The Court's order of May 28, 2025, requires FASORP to pay the court costs that Defendants incurred in No. 24-5558, as well as the "reasonable attorneys' fees" that Defendants incurred in the filing of their Rule 41(d) motion. *See* Order, ECF No. 37, at 4. The Court instructed the parties to confer and attempt to reach agreement on this amount, and submit a joint statement setting forth the parties' competing positions if an agreement is not reached. *See id.*

The parties have conferred but have been unable to reach agreement. ███████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████

1

## I. FASORP'S POSITION

FASORP believes that a fee award of ▆▆▆ for time spent writing a 12-page motion and a 10-page reply brief in support of that motion is unreasonably high, especially when the defendants' motion was never argued, lacked legal complexity, and involved no exhibits or affidavits. *See* Mitchell Decl. at ¶ 8 ("I cannot fathom a scenario in which I would bill a client ▆▆▆ for a motion of less than 15 pages and a 10-page reply in support of that motion, even at my highest hourly rate. Nor can I imagine client of mine tolerating a bill of that amount for briefing a short contested motion that never went to argument."). *Cf. Pittman v. Morton Buildings, Inc.*, No. 1:14-CV-01120-JEH, 2015 WL 1841283, at *2 (C.D. Ill. Apr. 21, 2015) ("[C]ourts within the Seventh Circuit have reduced the hours reasonably expended on motions to compel lacking in complexity").

FASORP's counsel spent a *total* of 18.9 attorney hours researching the Rule 41(d) issue, reading the defendants' motion for costs and fees, and writing, editing, and proofreading the brief in opposition and supporting affidavit. *See* Mitchell Decl. at ¶ 5. The defendants' lawyers, however, claim to have spent ▆▆▆ preparing a 12-page motion and a 10-page reply. That is a patently unreasonable amount of hours to expend on a single motion that never went to argument. FASORP's counsel has written entire appellate briefs in ▆▆▆ that amount of time. *See* Mitchell Decl. at ¶ 6 ("I spent a total of 34.6 hours researching and writing the brief for appellees in *Fraternal Order of Police Pennsylvania Lodge v. Township of Springfield*, No. 23-3165 (3rd Cir.), even though I had no involvement in the trial-court proceedings and started working from scratch when I joined the case on appeal.").

2

To put the defendants' request in perspective, FASORP's counsel spent a total of 163.8 hours to brief and argue a major case at the Supreme Court of the United States earlier this year. *See* Mitchell Decl. at ¶ 7 ("I spent a total of 163.8 hours briefing and arguing *Braidwood Management Inc.*, No. 24-316, at the Supreme Court."). This undertaking included reading and annotating the petitioners' brief on the merits, researching, drafting, and editing a 13,000 word respondents' brief on the merits, coding the respondents' brief and generating the tables, conducting a final proofread of the respondents' brief before sending it to the printer, reading and annotating the petitioners' reply brief, negotiating and preparing the contents of a joint appendix, preparing for and traveling to two moot-court sessions, flying to Washington, D.C. for oral argument, spending three entire days before oral argument at a hotel preparing for argument before the Court, and presenting oral argument before the justices. *See id.* at ¶ 7. Yet the defendants' lawyers claim to have spent ▮▮▮▮▮▮▮ the amount of time that FASORP's counsel took to brief and argue a major Supreme Court case on a 12-page motion that never went to argument and a 10-page reply brief in support of that motion.

FASORP could not find any case in the Seventh Circuit or its district courts in which a law firm even claimed to have spent more than ▮▮▮▮▮ on a short motion and a reply brief in support — let alone a case in which a court approved anything near this amount as a reasonable number of hours to spend on a contested motion that has no exhibits and was never argued before a court. *See, e.g.*, *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 411 (7th Cir. 1999) (plaintiffs' attorneys sought compensation for 9.9 hours of attorney time spent on preparing a motion for attorneys' fees; the district court approved only 1.6 of those hours as reasonably expended, which the Seventh Circuit affirmed after reviewing for abuse of discretion); *McKinnon v. City of Berwyn*, 750 F.2d 1383, 1393 (7th Cir. 1984) (affirming district court's holding that an attorney who sought

3

fees for more than 20 hours spent responding to the defendants' motion to dismiss made a "grossly excessive" fee request); *Romary Associates, Inc. v. Kibbi LLC*, No. 1:10-CV-376, 2011 WL 4948834, at \*\*5–7 (N.D. Ind. Oct. 18, 2011) (attorneys sought fees for 18.55 hours spent on a seven-page motion to compel and a five-page reply, which the district court reduced to 9.275); *Rehder v. KMM Corp.*, No. 122CV00419HABSLC, 2023 WL 6619425, at \*3 (N.D. Ind. Oct. 10, 2023) (counsel sought and was awarded fees for 1.9 hours spent preparing a five-page motion to compel, plus certifications and exhibits); *Young v. Caterpillar, Inc.*, No. 23-2177, 2024 WL 5379289, at \*1 (C.D. Ill. Oct. 24, 2024) (defense counsel sought fees for 12.1 hours spent preparing a six-page motion to compel, which the court reduced to 6.05 hours).

FASORP believes that no more than 20 attorney hours were reasonably expended preparing the 12-page Rule 41(d) motion, and that no more than 10 attorney hours were reasonably spent preparing the 10-page reply. This is more than one hour per page, which courts in this circuit have recognized as a proxy for the reasonableness of time expended on a motion. *See Struve v. Gardner*, No. 1:19-CV-04581-RLY-MJD, 2021 WL 1948868, at \*3 (S.D. Ind. May 14, 2021) ("[B]illing approximately one hour per page is not unreasonable on its face." (collecting cases)). There is no justification to award fees for more than 30 hours spent on this motion, especially when the law was straightforward and the relevant facts were undisputed.

FASORP further believes that a rate of ▓▓▓▓▓▓▓▓ is a reasonable amount to compensate the defendants' attorneys for the 30 hours that were reasonably spent on the Rule 41(d) motion. Multiplying 30 hours by a ▓▓▓▓▓ hourly rate produces a total fee award of ▓▓▓▓▓

As for court costs: The defendants claim to have incurred $600 in pro hac vice fees, but the Seventh Circuit has held that PHV fees are not recoverable as "costs." *See Canter v. AT&T Umbrella Benefit Plan No. 3*, 33 F.4th 949, 959 (7th Cir. 2022). So these should not be included

4

in a court-ordered costs award under Rule 41(d). FASORP's counsel did, however, offer to reimburse the defendants for the added pro hac vice fees incurred by FASORP's dismissal and refiling, even though FASORP is not required to do so. FASORP's counsel remains willing to provide this reimbursement voluntarily if the courts wind up rejecting the defendants' demands for recovery of attorneys' fees. But these expenses should not be included in a court-ordered payment under Rule 41(d).

In acknowledging the reasonableness of these hours and hourly rate, FASORP is not conceding that the defendants are entitled to any recovery of fees under Rule 41(d), and FASORP fully preserves for appeal its objections to any type of fee award.

## II. DEFENDANTS' POSITION

Defendants request ▮▮▮▮▮ in fees. This request already reflects a reduction from the actual fees incurred, including through the removal of block-billed entries. *See* Ex. A (gathering time entries from relevant bills). Defendants believe that ▮▮▮▮▮ is a reasonable and appropriate amount in light of the circumstances, including FASORP's exercise of its novel dismiss-and-refile maneuver that this Court found hard to "fully comprehend" and determined "needlessly delayed the case and inflicted additional costs on Defendants." Dkt. 37 at 2-3.

The fee award proposed by Defendants is consistent with the range of fee awards approved in other cases. *See, e.g.*, *Matlin v. Spin Master Corp.*, 979 F.3d 1177, 1180 (7th Cir. 2020) (affirming award of $271,926.92 for work on a "motion to dismiss and motion for sanctions"); *Graham v. Sauk Prairie Police Comm'n*, 915 F.2d 1085, 1109 (7th Cir. 1990) (affirming award where attorneys spent "84.55 hours in preparation of the motion for attorney fees, and an additional 14.7 hours in responding to defendants' arguments in opposition to [the] motion for attorney fees").

5

Nonetheless, FASORP has informed Defendants the fee award is not reasonable because FASORP's counsel chose to spend approximately 20 hours responding to Defendants' motion. But the Court's May 28, 2025 Order makes clear that it awarded fees to Defendants not merely for putting pen to paper on the Rule 41(d) motion and reply, but also for all "reasonable attorneys' fees Defendants incurred *in connection with* the filing" of that motion. Dkt. 37 at 1 (emphasis added). FASORP ignores that Defendants' counsel needed to determine the proper form of relief to seek in the first place in light of FASORP's conduct, research the relevant law on sanctions and fee recovery, confer internally, and draft the related motion to vacate the briefing schedule associated with the Rule 41(d) motion—all in addition to actually drafting the Rule 41(d) motion and reply brief. Further, apparently unlike FASORP—which appears to be an organization created solely for purposes of filing lawsuits like this one—Defendants' counsel reasonably spent time consulting with their clients regarding strategy and the briefs themselves. This involved consulting with Northwestern University as well as each of the six individual defendants that remain parties to this case despite FASORP conceding several times over that its claims against those individuals are redundant and should be dismissed.

That FASORP's counsel was able to draft a single response brief in less than 20 hours does not render Defendants' counsel's fees incurred in connection with filing the Rule 41(d) motion unreasonable. And it bears noting that the Rule 41(d) motion was necessary in the first place because of FASORP's unilateral and seemingly hasty decision to dismiss and refile its lawsuit in order to avoid a court hearing—which could have been avoided had FASORP's counsel taken the time to consult with Defendants or seek accommodations from the Court. Dkt. 32 at 6-8. FASORP's counsel's own diligence level is not a barometer for what is reasonable. *Cf. Matlin*,

6

979 F.3d at 1183 ("[T]he best evidence of whether attorney's fees are reasonable is whether a party has paid them.") (citation omitted).

Further, the reasonableness of the award depends on the complexity of the issue and rests within the discretion of the Court. *See, e.g.*, *Dupuy v. McEwen*, 648 F. Supp. 2d 1007, 1019-20 (N.D. Ill. 2009) (explaining that more complex cases often require higher hours and more attorneys). Here, the nature of FASORP's dismiss-and-refile maneuver and the complexity regarding Rule 41(d) and relevant precedent compared with other areas of the law commonly at issue in fee disputes all support the fee proposal. Moreover, given that the possible relief from a grant of Defendants' Rule 41(d) motion was an award of *all* the fees expended in the 2024 case, including fees for drafting two motions to dismiss, a reply brief, and an opposition to FASORP's motion for leave to amend, it was reasonable for Defendants to expend the time that they did.

Finally, FASORP's counsel informed Defendants that FASORP objects to rates above ▮▮▮▮▮▮▮▮▮▮, but those rates are standard for large law firms. The Supreme Court has made clear that the reasonableness of rates is determined by reviewing the rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984); *see also* Aebra Coe, *Some Associates Bill $2,000 Per Hour As BigLaw Fees Rise*, Law360 (Apr. 22, 2025)[1]; *Senior Partners Approach $3,000 An Hour, As More Billing Rate Hikes Expected in 2025*, Law.com (Sept. 24, 2024).[2]

Dated: August 22, 2025                      Respectfully submitted,

---

[1] Available at https://www.law360.com/pulse/articles/2327559/some-associates-bill-2-000-per-hour-as-biglaw-fees-rise.
[2] Available at https://www.law.com/dailybusinessreview/2024/09/24/senior-partners-approach-3000-an-hour-as-more-billing-rate-hikes-expected-in-2025.

/s/ Jonathan F. Mitchell
Jonathan F. Mitchell
*Lead Trial Attorney*
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

Ryan Giannetti*
America First Legal Foundation
611 Pennsylvania Avenue SE #231
Washington, DC 20003
(202) 964-3721
ryan.giannetti@aflegal.org

* admitted *pro hac vice*

*Counsel for Plaintiffs*

/s/ Danielle Conley
Danielle Conley (*admitted pro hac vice*)
Jude Volek (*admitted pro hac vice*)
Christine C. Smith (*admitted pro hac vice*)
Jasmine D. Benjamin (*admitted pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Phone: (202) 637-2200
Facsimile: (202) 637-2201
danielle.conley@lw.com
jude.volek@lw.com
christine.smith@lw.com
jasmine.benjamin@lw.com

Sean Berkowitz (ARDC No. 6209701)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611-3695
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
sean.berkowitz@lw.com

*Counsel for Defendants Northwestern University, Hari Osofsky, Sarah Lawsky, Janice Nadler, Daniel Rodriguez, Dheven Unni, and Jazmyne Denman*

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 22, 2025, I filed the foregoing with the Clerk of Court by using the CM/ECF system and sent via electronic transmission to all parties of record.

                                               /s/ *Danielle Conley*
                                               Danielle Conley (*admitted pro hac vice*)