UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **Faculty, Alumni, and Students Opposed to Racial Preferences (FASORP)**, | |
| Plaintiff, | Case No. 1:25-cv-01129 |
| v. | Judge Sara L. Ellis |
| **Northwestern University**, et al, | |
| Defendants. | |

### DECLARATION OF JONATHAN F. MITCHELL

1.  My name is Jonathan F. Mitchell. I am over the age of 18 and fully competent in all respects to make this declaration.

2.  I have personal knowledge of the facts stated in this declaration, and all of these facts are true and correct.

3.  I represent the plaintiff in this litigation, and I submit this declaration in support of the plaintiff's statement of position in the joint statement filed on August 22, 2025.

4.  The defendants' counsel claim to have billed ███ hours preparing a 12-page Rule 41(d) motion and a 10-page reply. In my experience, this is a grossly excessive amount of time to spend on a simple and straightforward motion that was never argued before the court and involved no exhibits or contested factual issues.

5.  I spent a total of 18.9 attorney hours researching the Rule 41(d) issue, reading the defendants' motion for costs and fees, and writing, editing, and proofreading the plaintiff's brief in opposition and supporting affidavit. An authentic copy of my timesheet showing those expended hours is attached to this declaration as Exhibit A.

6.  I have litigated entire appeals in less time than what the defendants' counsel claims to have spent on this Rule 41(d) motion. In 2024, I spent a total of 34.6 hours

researching and writing the brief for the appellees in *Fraternal Order of Police Pennsylvania Lodge v. Township of Springfield*, No. 23-3165 (3rd Cir.), even though I had no involvement in the trial-court proceedings and started working from scratch when I joined the case on appeal. An authentic copy of my timesheet in that case is attached to this declaration as Exhibit B.

7. Earlier this year, I spent a total of 163.8 hours briefing and arguing *Braidwood Management Inc.*, No. 24-316, before the Supreme Court of the United States. This undertaking included reading and annotating the petitioners' brief on the merits, researching, drafting, and editing a 13,000 word respondents' brief on the merits, coding the respondents' brief and generating the tables, conducting a final proofread of the respondent's brief before sending it to the printer, reading and annotating the petitioners' reply brief, negotiating and preparing the contents of a joint appendix, preparing for and traveling to two moot-court sessions, flying to Washington, D.C. for oral argument, spending three entire days before oral argument at a hotel preparing for argument before the Court, and presenting oral argument before the justices. An authentic copy of my timesheet in that case is attached to this declaration as Exhibit C.

8. **I** cannot fathom a scenario in which I would bill a client ███████ for a motion of less than 15 pages and a 10-page reply in support of that motion, even at my highest hourly rate. Nor can I imagine client of mine tolerating a bill of that amount for briefing a short contested motion that never went to argument.

9. I declare under penalty of perjury that the foregoing is true and correct.

*Jonathan F. Mitchell*

Executed on: August 22, 2025      JONATHAN F. MITCHELL